RECEIVED
SEP 0 4 2007
CLERK, US DISTRICT COURT, WDNY
CELEBRATING 100 YEARS OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY             )   Civil Action No.
COMMISSION,                              )
                                         )
                 Plaintiff,              )
                                         )   07 CV 6434 CJS
       -against-                         )
                                         )   COMPLAINT AND
ELMER W. DAVIS INC.,                     )   JURY TRIAL DEMAND
                                         )
                 Defendant.              )
---------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race by Elmer W. Davis Inc. ("Defendant"), and to provide appropriate relief to Samuel Crenshaw ("Charging Party") and a class of similarly situated Black employees affected by Defendant's discriminatory practices (collectively, "claimants"). As alleged in greater detail below, Defendant unlawfully discriminated against Charging Party and claimants by subjecting them to a hostile work environment on the basis of race (Black) and by subjecting Charging Party and claimants to disparate treatment in the terms, conditions and privileges of employment on the basis of race (Black) by giving them less favorable job assignments.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Western District Court of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York and the City of Rochester, New York, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Samuel Crenshaw, on behalf of himself and of similarly situated African American employees, filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 1993, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-(a) and (b). These practices included, but are not limited to, the following:

   a. Employees and supervisors at Defendant's Rochester, New York location subjected Black employees, including Charging Party and claimants to a racially hostile work environment and harassment based on their race by: frequently making racially offensive comments including but not limited to referring to Black employees, including Charging Party and claimants, as "niggers," "lazy niggers" and "Sambo" and making racially offensive comments in the presence of Charging Party and claimants, including but not limited to comments such as "[a]ll niggers should get on a boat and go back to Africa" or "[a]ll coloreds need to go back to Africa," "[w]hat do you expect, you got a bunch of lazy niggers" and "[e]very White should have 5 Black slaves"; several of the company's portable restrooms contained offensive graffiti with offensive statements about Black people including racial epithets such as the word "nigger" and swastikas; and a noose was hung at a worksite;

   b. Defendant had actual or constructive knowledge of the racial harassment and racially hostile work environment for Black employees, including Charging Party and claimants, inasmuch as the harassment described above was committed by and/or in the presence of Defendant's supervisors, and/or Charging Party and/or claimants complained to Defendant about the harassment;

   c. Defendants failed to take any appropriate measures to prevent the racial harassment and racially hostile work environment, and failed to take any effective

3

remedial action;

d. Defendant repeatedly subjected Black employees, including Charging Party and claimants, to disparate treatment in terms, conditions and privileges of employment in relation to job assignments by giving Black employees, including Charging Party and claimants, less favorable job assignments than White employees;

8. Defendant's practices complained of above deprived Charging Party and other claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their race (Black).

9. Defendant's unlawful employment practices complained of above were intentional.

10. Defendant's unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and claimants.

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of race and enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against anyone who engaged in protected activity in connection with this matter;

B. Order Defendant to institute and carry out policies, practices and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole those individuals affected by the unlawful employment practices described above, including Charging Parties and claimants, by providing appropriate backpay with prejudgment interest and frontpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to make whole all those individuals adversely affected by the unlawful employment practices described above, including Charging Parties and claimants, by providing compensation for non-pecuniary losses, including humiliation, loss of enjoyment of life and life's activities, pain, suffering, and emotional distress, in amounts to be determined at trial;

E. Order Defendant to pay those individuals adversely affected by the unlawful employment practices described above, including Charging Parties and claimants, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

F. Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above, including Charging Parties and claimants, punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper;

H. Award the Commissions its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:   September 4, 2007

Respectfully submitted,

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Judy Keenan
Supervisory Trial Attorney

NEW YORK DISTRICT OFFICE
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Tel. (212) 336-3696 [Elizabeth Grossman]
Tel. (212) 336-3705 [Judy Keenan]
Fax. (212)336-3623
elizabeth.grossman@eeoc.gov
judy.keenan@eeoc.gov

_____
Arnold J. Lizana III
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
Tel.(617) 565-3210
Fax.(617) 565-3196
alizana.lizana@eeoc.gov

6