UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                  Plaintiff,

      -v-

ELMER W. DAVIS, INC.,

                  Defendant.

DECISION AND ORDER

07-CV-6434 CJS

APPEARANCES

For Plaintiff:

Arnold J. Lizana , III
U.S. Equal Employment Opportunity Commission
Government Center, Room 475
Boston, Massachusetts 02203

Robert Rose
Elizabeth Grossman
Judy Keenan
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

For Defendants:

Scott P. Rogoff
Hiscock & Barclay LLP
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604

Laurence B. Oppenheimer
Robert P. Heary
Hiscock & Barclay LLP
1100 M&T Center, Three Fountain Plaza
Buffalo, New York 14203-1486

INTRODUCTION

Plaintiff in this action alleges that Defendant discriminated against its employees on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000e *et seq*.  Now before the Court is Defendant's motion [#9] to dismiss, or, in the alternative, for summary judgment.  For the reasons that follow, Defendant's application is denied.

BACKGROUND

On March 13, 2006, Samuel Crenshaw ("Crenshaw") filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging racial discrimination by his former employer, defendant Elmer W. Davis, Inc. ("Defendant"), a roofing company.  The complaint alleged that during the period of Crenshaw's employment, between 1993 and August 2005, Crenshaw's caucasian supervisors made racially offensive comments concerning black employees.  As an example, Crenshaw stated that in August 2005, a supervisor referred to black employees as "lazy niggers."  Crenshaw also alleged that, as recently as August 2005, he had been denied promotions, because of his race, and in retaliation for his complaints regarding discrimination.  Crenshaw also alleged that, although Defendant's workforce was predominantly black, it had no black supervisors. Finally, Crenshaw alleged that black employees were "routinely given less desirable, more difficult assignments like difficult tear off jobs and black tar jobs, while our white counterparts are given easier assignments."

On March 24, 2006, Defendant's President, Jeffrey A. Davis ("Davis"), sent the EEOC a written response to the complaint.  Davis stated that he was not aware of any

2

racial harassment, or of any complaints of such harassment by Crenshaw. Davis also denied that Crenshaw had been denied a promotion, and stated that Crenshaw had never applied for a supervisory position. Davis further maintained that Defendant had hired "numerous black supervisors through the years."

On August 28, 2006, the EEOC sent Defendant a letter and a questionnaire, requesting additional information, such as the names and races of Defendant's supervisory employees. On September 8, 2006, Defendant provided the information requested in the questionnaire. On January 22, 2007, Davis also spoke by telephone with an EEOC investigator regarding the case.

On March 30, 2007, the EEOC issued a Determination Letter, finding that there was "reasonable cause" to believe that Defendant had violated Title VII by: 1) subjecting Crenshaw to racial harassment; 2) assigning Crenshaw and "similarly situated black employees" to dirtier, more difficult jobs; and 3) denying promotions to Crenshaw and similarly situated black employees. In this regard, the Determination Letter summarized the facts contained in Crenshaw's complaint, Defendant's initial response letter and Defendant's response to the questionnaire. The Determination Letter did not identify the similarly situated black employees. With regard to alleged harassment, the Determination Letter stated that the complaint was substantiated by credible testimony from Crenshaw and others. With regard to the alleged discriminatory job assignments, the Determination Letter stated that "key witness testimony" supported the charge. And finally, with regard to the alleged denial of promotions, the Determination Letter stated that Defendant did not keep records relating to promotions, and that while most of Defendant's workforce was

black, Defendant had no black supervisors in charge of a regular crew, and that any black foremen were not on an equal footing with white foremen.  The Determination Letter concluded by discussing conciliation of the charge, and stating: "When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available . . . ."

Upon receiving the Determination Letter, on or about April 5, 2007, Davis called the EEOC and spoke with Investigator Jennifer Carlo ("Carlo").  Davis stated that his company had not received due process, and that he was not interested in a monetary settlement.  Carlo instructed Davis to contact Elizabeth Cadle ("Cadle"), Director of the EEOC's Buffalo Local Office, with his concerns.  At the same time, Carlo, believing that settlement was unlikely in light of Davis's disinclination to discuss a monetary settlement, prepared a proposed "Failure of Conciliation Letter," stating that attempts at conciliation in the case had failed, and she forwarded it to Cadle.

On April 6, 2007, Davis wrote to Cadle, to request reconsideration of the Determination Letter.  Davis stated that Crenshaw had attempted to fraudulently obtain worker's compensation benefits, and that Crenshaw had also lied about the percentage of black employees working for Defendant.  Davis concluded by stating, "We have other points to make but would appreciate it if we could have our day in court to request reconsideration of the director's findings.  We are not interested in offering a monetary settlement to end this case."

On April 19, 2007, Cadle, responded that, before deciding on Davis's request for reconsideration, she wanted to review Crenshaw's worker's compensation file. Cadle directed Davis to provide such documentation by May 7, 2007. On April 25, 2007, Cadle received and reviewed the worker's compensation file. On April 27, 2007, the EEOC denied Davis's request for reconsideration.

On May 23, 2007, the EEOC sent Defendant a settlement proposal, demanding, *inter alia*, that Defendant pay ninety-five thousand dollars to Crenshaw, and "$25,000.00 for similarly situated black employees." On May 24, 2007, Davis called Carlo, and again stated that Defendant was being denied due process. Davis also indicated that he would not agree to pay $25,000.00 to each similarly situated black employee, whereupon Carlo clarified that the EEOC was seeking $25,000.00 total for the similarly situated black employees, to be divided amongst those employees. Davis stated that he would consult his attorney.

On June 5, 2007, Defendant's attorney wrote to the EEOC, requesting to see the EEOC's administrative claim file. Defendant's counsel subsequently requested to have until June 13, 2007, to submit a response to the EEOC's settlement demand. On June 11, 2007, Carlo orally denied Defendant's request to review the administrative claim file. Defendant's counsel subsequently requested an extension of time, until June 29, 2007, to respond to the settlement demand. However, Defendant did not respond by that date.

On July 2, 2007, the EEOC issued the "Failure of Conciliation letter," stating that conciliation efforts had failed, and that the EEOC was forwarding the case to its legal unit to determine whether the EEOC would commence a legal action.

On September 4, 2007, the EEOC commenced the subject action.  Plaintiff's Complaint purports to assert claims on behalf of Crenshaw "and a class of similarly situated Black employees," none of whom are named in the Complaint.  The Complaint alleges that Defendant violated Title VII, by

> unlawfully discriminat[ing] against Charging party and claimants by subjecting them to a hostile work environment on the basis of race (Black) and by subjecting Charging Party and claimants to disparate treatment in the terms, conditions and privileges of employment on the basis of race (Black) by given them less favorable job assignments.

(Complaint [#1] at 1).  The Complaint alleges that, "[s]ince at least 1993," Defendant "engaged in unlawful employment practices."  Specifically, the Complaint states that Defendant created a hostile work environment based on racially offensive comments, and repeatedly gave Black employees less-favorable job assignments.

On October 10, 2007, Defendant filed an Answer to the Complaint.  On October 21, 2007, the EEOC filed its initial disclosures pursuant to Federal Rule of Civil Procedure ("FRCP') 26, which included the non-privileged portions of the Agency's investigation file, including notes of interviews with Crenshaw and other black former employees of Defendant.  The notes indicate that many of the instances of alleged harassment occurred years prior to Crenshaw's EEOC complaint.  For example, Philip Byford ("Byford") stated that discriminatory acts had occurred between 1999 and 2005,  Willie Tillsdale ("Tillsdale") stated that he had heard a racial epithet used sometime between 1963 and 1991, and Reggie Reed ("Reed") reported instances of racial discrimination occurring between 2001 and 2004.

Subsequently, Defendant filed the subject motion to dismiss, or, in the alternative, for summary judgment. In that regard, Defendant contends that the Complaint should be dismissed for two reasons. First, Defendant contends that the EEOC violated Title VII, and specifically, 42 U.S.C. § 2000e-5(b), by failing to attempt to conciliate the claim in good faith. And second, Defendant contends that all of the purported discrimination claims are time-barred, since they were not filed within 300 days of the alleged harassment. Plaintiff opposes the motion, and claims, first, that any motion under Rule 12 is barred because Defendant submitted the motion after filing an Answer. Alternatively, Plaintiff claims that it attempted to settle the matter before commencing this action, and that the Complaint adequately states a claim.

On September 18, 2008, counsel for the parties appeared before the undersigned for oral argument.

DISCUSSION

At the outset, the Court denies Defendant's motion to the extent that it is purportedly based on FRCP 12(b)(1).[1] In that regard, Defendant's Notice of Motion states only that the motion to dismiss is made pursuant to "Fed.R.Civ.P. 12." Defendant's application fails to mention Rule 12(b)(1), and also fails to satisfy FRCP 7(b)(1)(B)'s requirement that motions "state with particularity the grounds for seeking the order." Nevertheless, during oral argument, Defendant's counsel, for the first time in this action, referenced Rule 12(b)(1)

---

[1]It is well settled that, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000) (citations omitted).

and argued that the EEOC's alleged failure to conciliate deprived this Court of subject-matter jurisdiction.  Assuming, *arguendo*, that a complete failure by the EEOC to attempt to conciliate the claim would deprive this Court of subject-matter jurisdiction,[2] the Court denies the application, since the EEOC satisfied its duty under 42 U.S.C. § 2000e-5(b) to attempt conciliation.  The law in that regard is clear:

> Under Title VII, if the EEOC determines that there is reasonable cause to believe that a charge of an unlawful employment practice is true, "the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). This requirement to attempt conciliation is met if the EEOC "outlines to the employer the reasonable cause for its belief that the employer is in violation of the Act, ... offers an opportunity for voluntary compliance, and ... responds in a reasonable and flexible manner to the reasonable attitude of the employer." *EEOC v. Die Fliedermaus, L.L.C.*, 77 F.Supp.2d 460, 466 (S.D.N.Y.1999) (*quoting EEOC v. Colgate-Palmolive Co.*, No. 81 Civ. 8145, 1983 WL 621, at *5 (S.D.N.Y.1983). *See also EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534 (2d Cir.1996); *EEOC v. New Cherokee Corp.*, 829 F.Supp. 73, 80 (S.D.N.Y.1993); *EEOC v. Dover Employment Agency, Inc.*, No. 91 Civ. 3796, 1992 WL 295979, at *5 (S.D.N.Y. Oct. 9, 1992); *EEOC v. KDM School Bus Co.*, 612 F.Supp. 369, 374 n. 17 (S.D.N.Y.1985) (Weinfeld, J.). 'If the defendant refuses the invitation to conciliate or responds by denying the EEOC's allegations, the EEOC need not pursue conciliation and may proceed to litigate the question of the employer's liability for the alleged violations.' *Johnson & Higgins*, 91 F.3d at 1535.

*E.E.O.C. v. Golden Lender Fin. Group*, No. 99 Civ. 8591(JGK), 2000 WL 381426 at *5 (S.D.N.Y. Apr. 13, 2000).  On the facts as set forth above, which are not disputed as to any material issue relevant to this inquiry, the EEOC satisfied its duty of conciliation in this

---

[2]*See, Weise v. Syracuse Univ.*, 522 F.2d 397, 412 (2d Cir. 1975) (Describing compliance with 42 USC § 2000e-5(b) as being "a jurisdictional prerequisite to maintenance of a civil action."); but see, *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978) ("The inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause.").

case, particularly since Defendant had repeatedly denied any wrongdoing, had instead attacked Crenshaw's credibility, and had indicated that it was not interested in a monetary settlement as to any claimant. *See, E.E.O.C. v. Johnson & Higgins, Inc.*, 91 F.3d at 1535 ("Inasmuch as the EEOC informed J & H of its basis for concluding that the firm's policy violated the ADEA and provided it the opportunity to conciliate, it was not obligated to do more in the face of J & H's insistence that its policy was not unlawful."); *Cf. E.E.O.C. v. Golden Lender Fin. Group*, 2000 WL 381426 at *5 ("Golden Lender's request for specific information about other affected individuals and the extent of their alleged damages was a reasonable inquiry about the nature of the conciliation terms proposed by the EEOC. Golden Lender's attitude was plainly reasonable: it had agreed to the other terms proposed by the EEOC and it had made a specific offer of compensation for the three charging individuals, but it sought additional information as to compensating other alleged victims."); *E.E.O.C. v. Die Fliedermaus*, 77 F.Supp.2d 460, 467 (S.D.N.Y. 1999) ("Die Fliedermaus's February 26 letter evinced a reasonable attitude: it agreed to the first three terms of the EEOC's February 23 letter and requested more specifics on terms 4 and 5. Obviously, the EEOC's determination that conciliation efforts were unsuccessful, and the filing of the EEOC Action, do not indicate a "reasonable and flexible manner" of responding to the February 26 letter. "). Defendant's motion to dismiss pursuant to 42 U.S.C. § 2000e-5(b) is therefore denied.

The Court will now consider Defendant's motion to dismiss this action as untimely, which is apparently being made pursuant to Rule 12(b)(6). As an initial matter, the Court rejects Plaintiff's contention that the motion must be denied because it was made after

Defendant filed its Answer.  Rather, a Rule 12(b)(6) motion filed after a defendant answers the complaint should be treated as a motion for judgment on the pleadings, under FRCP 12(c).  *See, Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001) ("[A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).") (footnote omitted).

When "deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126,  — U.S. —, 127 S.Ct. 1955, 1964-65 (May 21, 2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible

'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)   When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).[3]

In the instant case, Defendant contends that the Complaint should be dismissed since it fails to allege that any of the complained-of acts occurred within 300 days of the filing of Crenshaw's EEOC complaint.  In that regard, it is clear that,

> [b]efore an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency. 42 U.S.C. § 2000e-5 (2000). In addition, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC.

*Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *see also, McPherson v. New York City Dept. of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) ("[T]he complainant has 300 days from the occurrence of an adverse employment action to file charges with the EEOC.") (citing 42 U.S.C. § 2000e-5(e)(1)).  However, the statute of

---

[3]"In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

limitations is an affirmative defense that need not be addressed in the complaint. *See*, *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. *See* Fed.R.Civ.P. 8(c). A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses. . . .   Resolving defenses comes after the complaint stage. Even with respect to elements of the plaintiff's claim, complaints need not plead facts or legal theories.") (Easterbrook, J.) (citations omitted).   Moreover, numerous courts in this Circuit have held that a Title VII complaint should not be dismissed for failure to plead the dates of the alleged discrimination. *See, Reyes v. City College of the City Univ. of New York*, No. 03 Civ. 3132 (RLC), 2005 WL 2990637 at *2 (S.D.N.Y. Nov. 8, 2005) ("A plaintiff bringing a Title VII claim is not required to plead specific dates of discrimination."); *Bonano v. Southside United Hous. Dev. Corp.*, 363 F.Supp.2d 559, 565 (E.D.N.Y. 2005) ("[U]nder *Swierkiewicz*, plaintiff is not required to plead specific dates of discrimination."); *Aguilar v. The New York Convention Ctr. Operating Corp.*, No. 00 CIV. 4637 (CBM), 2002 WL 844397 at *2 (S.D.N.Y. May 2, 2002) ("Plaintiffs' amended complaint gives defendants ample notice of the nature of their claims – even though the complaint does not always provide relevant dates – and any statute of limitations issues can and will be resolved at the summary judgment stage.").   Here, the Complaint alleges that Defendant "engaged in unlawful employment practices"   "[s]ince at least 1993," in violation of Title VII.   This allegation, as amplified in the Complaint, gives "defendant fair notice of what the claim is and the grounds upon which it rests."   Moreover, the Court cannot determine, from the

12

Complaint, that Plaintiff's claims are time-barred. Consequently, the application for judgment on the pleadings, pursuant to Title VII's statute of limitations, is denied.

Defendant's alternative request for summary judgment is also denied, since Plaintiff has not had an opportunity to conduct discovery. *See, Trammell v. Keane*, 338 F.3d 155, 161 n. 2 (2d Cir.2003) ("As a general matter, we agree that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (*quoting Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir.2000)).

CONCLUSION

For the foregoing reasons, Defendant's application [#9] is denied in its entirety.

SO ORDERED.

Dated:      September 24, 2008
            Rochester, New York

ENTER:


 /s/ Charles J. Siragusa_____
CHARLES J. SIRAGUSA
United States District Judge