## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-CV-06434-CJS |
| ELMER W. DAVIS, INC. | ) ) | |
| Defendant. | ) ) ) | |

UNITED STATES DISTRICT COURT
FILED
SEP 1 0 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

### CONSENT DECREE

1.     This action was initiated on September 4, 2007 by the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government. EEOC alleges that the Defendant Elmer W. Davis, Inc. ("EWD") subjected Charging Party Samuel Crenshaw and a class of similarly situated Black employees to a pattern or practice of racial discrimination and retaliation including: harassment, hostile work environment, unfair job assignments, failure to promote, and other disparate terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). EWD denies that there has been a violation of any law or regulation.

2.     The Parties to this Consent Decree ("Decree") are Plaintiff EEOC and Defendant EWD.

3.     The Parties desire to settle this action, and stipulate to the entry of this Decree as final and binding between the Parties, EWD's successors and assigns.

4.     The terms of this Decree represent the full and complete agreement of the Parties. The Parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

5.     In consideration of the mutual promises of each Party to this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court finds appropriate and it is therefore **ORDERED, ADJUDGED AND DECREED** that:

### A.     GENERAL PROVISIONS

6.     This Decree resolves the Complaint and Amended Complaint filed by EEOC in this case and EEOC Charge Numbers: 165-2005-01066, (Crenshaw); 525-2009-00568 and 525-2009-00683, (Jackson); 525-2009-00692, (Williams) and 16G-2009-02449, (Carson).   For purposes of this Decree, EEOC's Amended Complaint is deemed as having been further amended to assert claims of retaliation under Title VII related to the claims asserted in the Complaint and the above-referenced charges.

7.     The Claimants in this lawsuit include Charging Parties Samuel Crenshaw, Dilanjan Jackson, Thurmon Williams, LaRosa Carson and other individuals who claim they were subjected to race discrimination and retaliation at EWD in violation of Title VII from 1993 through the present who were identified by EEOC prior to November 24, 2009 and are set forth at Exhibit A. In the event an individual not identified by the EEOC prior to November 24, 2009 makes a good cause showing to EEOC why he or she should be included, EEOC in its discretion may include that individual in the Claimants to be provided monetary relief from the Claim Fund established pursuant to paragraph 14 of this Decree.

8.     Except as set forth in paragraph 9, this Decree in no way affects EEOC's right to process any other pending or future charges that have been or may be filed against EWD and to

2

commence civil actions on any such charges as EEOC sees fit. EEOC reserves all rights to proceed regarding matters not covered in this Decree.

9.      This Decree resolves all claims as alleged in EEOC's First Amended Complaint and as deemed further amended pursuant to paragraph 6 of this Decree.  EEOC agrees not to use the charges referred to in paragraph 6 of this Decree as a jurisdictional basis for filing a lawsuit against EWD.

10.      The Parties agree and the Court finds that the Court has jurisdiction over the subject matter and the Parties to this action, venue is proper, and all administrative prerequisites have been met.

11.      EWD will not contest the validity of this Decree nor will EWD contest the jurisdiction of the United States District Court for the Western District of New York to enforce this Decree and its terms, or the right of EEOC to bring an enforcement suit or proceeding in the event of a breach of any term of this Decree by EWD.

12.      The parties agree that they will cooperate to effectuate and implement the terms of this Decree and will exercise good faith efforts to accomplish the terms and conditions of the Decree. The parties agree to confer regarding any dispute arising from the implementation of this Decree prior to bringing an enforcement suit or proceeding, unless EEOC determines in good faith that such conference would present an immediate and substantial harm to the public interest.

13.      Prior to executing an agreement to sell, assign all or substantially all of its assets, consolidate or merge, EWD will provide the entity entering into such agreement with notice of this lawsuit and a copy of this Consent Decree. EWD will provide written notice to EEOC sixty (60) days before any such assignment, succession, merger or acquisition affecting EWD.

**B.     MONETARY RELEIF**

14.     EWD will provide monetary relief in the total sum of One Million Dollars ($1,000,000.00) to the Claimants identified at Exhibit A. EWD will deposit the money into an interest bearing escrow account (the "Claim Fund") to be held by Bank of America and managed by Bank of America's Escrow Management Services as follows:

a.     First Payment: Within thirty (30) days of the entry of this Decree by the Court, EWD will deposit Five Hundred Thousand Dollars ($500,000.00) into the Claim Fund;

b.     Second Payment: On or before the first anniversary of this Decree, EWD will deposit an additional Five Hundred Thousand Dollars ($500,000.00) into the Claim Fund.

15.     All payments made pursuant to paragraph 14 have been designated as payments for compensatory damages for non-pecuniary losses, including pain, suffering, and emotional distress, provided, however, that up to Seventy-Five Thousand Dollars ($75,000.00) of the Claim Fund may be designated by EEOC as payment for back pay. EEOC will have complete discretion over the allocation of the Claim Fund to the Claimants.

16.     The entire Claim Fund will be distributed to the Claimants and no portion shall revert back to EWD.

17.     Within sixty (60) days of the date of entry of this Decree, EEOC will notify each of the Claimants of the amount EEOC has determined that he or she should receive from the Claim Fund. A Claimant will have thirty (30) days from receipt of notice of his or her allocation from the Claim Fund to raise any objections. If any such objections are raised, the Court will hold a fairness hearing before distribution of the Claim Fund. Within ten (10) days of no objections being raised or the resolution of such objections by the Court, EEOC will provide EWD with a list of names of the Claimants with addresses, amounts to be paid to each Claimant,

4

a completed form W-9 (Request for Taxpayer Identification Number and Certification), a completed Form W-4 (Employee's Withholding Allowance Certificate) for any Claimant to whom payment in the form of back pay is to be made, and an executed Release in the form attached hereto as Exhibit B.  Payments will be made as follows:

a.     Within ten (10) days of the receipt of the notice from EEOC of the specified allocations from the Claim Fund, EWD will distribute to Claimants, the First Payments from the Claim Fund as specified by EEOC, which First Payments shall include any and all amounts to be paid to any Claimant as back pay;

b.     On or before the first anniversary of this Decree, EWD will distribute to Claimants, the Second Payments from the Claim Fund as specified by EEOC.

18.     As to payment for compensatory damages, EWD is not required to withhold taxes or make employer contributions for Federal Insurance Contributions Act (FICA) taxes, except that it must issue IRS Form 1099s for these payments.  As to payment of back pay, EWD shall process any such payment as a one-time payment, subject only to applicable federal and state income and employment tax withholdings and EWD's obligation to pay the employee's share of FICA taxes with respect to such back pay.  EWD will make all payments by United States Postal Service, return receipt requested.  EWD will provide EEOC with a copy of the check(s), and Form 1099s and W-2 statements concurrent with EWD's providing them to the Claimants.

C.     **INJUNCTIVE RELIEF**

19.     EWD, its supervisors, foremen, agents, successors, assigns, subsidiaries and affiliates will be permanently enjoined from engaging in race harassment and are further permanently enjoined from retaliating against any individual who has complained of discrimination, opposed discrimination, filed a charge of discrimination, or who gives testimony or assistance concerning the investigation or litigation of the charges or this action or any other charges or action under Title VII.

20.     EWD, its supervisors, foremen, agents, successors, assigns, subsidiaries and affiliates will be further enjoined from discriminating on the basis of race in the terms, conditions, or privileges of employment, including the conferring of promotions.

**D.     LAYOFF AND RECALL**

21.     Within thirty (30) days of entry of this Decree by the Court, EWD will provide EEOC with seniority lists based on dates of hire and years of service, for all Roofers Local 22 Journeymen and Apprentices, with the Apprentice seniority list being maintained by each Apprentice Class as set forth in the current and future collective bargaining agreements. EWD will timely provide EEOC supporting documentation for the seniority lists upon request of EEOC.

22.     For purposes of the seniority list, a year of service will be defined as a calendar year in which an employee worked a minimum of 250 hours for EWD.  Except as otherwise provided by applicable law, employees with breaks in service of less than two years will retain seniority for purposes of the seniority list. Where employees have the same number of years of service, seniority will be based on first date of hire by EWD.

23.     For purposes of seasonal layoff and recall, EWD will use reasonable good faith efforts to recall its employees based on the seniority lists and lay off its employees based on reverse order of seniority, without regard to race.

24.     Every six (6) months after the date established in Paragraph 21, EWD will provide EEOC with updated seniority lists and a report of all hirings, layoffs and recalls for the prior six months.

### E.   APPOINTMENT OF EQUAL EMPLOYMENT OPPORTUNITY COORDINATOR

25.   Within thirty (30) days of the date of the entry of this Decree, EWD will appoint

Joanne R. Schneider as its Equal Employment Opportunity Coordinator ("EEO Coordinator"), an

outside individual, approved by the EEOC, who is knowledgeable and experienced in federal

anti-discrimination laws and appropriate investigative practices and resolution techniques. EWD,

its owners, officers, managers, supervisors, foremen, agents and employees will give their full

cooperation to the EEO Coordinator in the performance of her or his duties under this Decree.

EWD will bear the cost of the EEO Coordinator. The EEO Coordinator will be responsible for:

a.   monitoring and compliance with this Decree and with federal laws prohibiting employment discrimination under Title VII, including race discrimination, and federal reporting requirements, including annual EEO-1 reports;

b.   receiving and investigating reports or complaints of suspected discrimination, harassment, failure to promote, disparate treatment in terms of employment and retaliation, and for assuring that the investigations are done in a manner that complies with federal anti-discrimination laws;

c.   identifying and recommending appropriate remedial relief to EWD employees who are found to have been subjected to discrimination, harassment, or retaliation;

d.   identifying and recommending appropriate discipline on employees, supervisors and foremen who are found to have engaged in discrimination, harassment or retaliation; and

e.   maintaining records of discrimination complaints and EWD's response to such complaints.

EWD shall be responsible for implementing remedial relief and/or issuing discipline, as

applicable, to employees who are found to have been subjected to or engaged in discrimination,

harassment or retaliation.

26.   If the person appointed as the EEO Coordinator ceases to act as the EEO

Coordinator for any reason during the duration of this Decree, EWD will provide written notice

to EEOC within thirty (30) days of becoming aware of the need to designate a new EEO Coordinator, stating the reason(s) why the outgoing EEO Coordinator is leaving, and the identity of a qualified person EWD proposes to assume the role of EEO Coordinator. If EEOC does not approve the appointment of the EEO Coordinator proposed by EWD, EWD will recommend another EEO Coordinator for approval of EEOC within thirty (30) days of being notified by EEOC that its nominee for EEO Coordinator is unacceptable.

## F.    PROMOTIONS

27.    EWD will make reasonable good faith efforts to hire and promote qualified Black candidates for Foremen and Supervisory positions. EWD will select and assign Foremen and Supervisors from among qualified applicants without regard to race.

a.    On or before March 1st of each year, EWD will notify all eligible Roofers Local 22 Journeymen who worked a minimum of 600 hours for EWD in the preceding calendar year, that they may submit an application for consideration for a Foreman position. Employees who did not work a minimum of 600 hours will not be eligible to apply for a Foreman position. Notification will be made by United States Postal Service to the last known address of each eligible Journeyman.

b.    On or before March 1st of each year, EWD shall post a notice of all vacant and available Supervisory positions at the following locations:  EWD business offices, Roofer's Local 22 business offices, and all EWD work sites in an area where employee notices are typically posted.

c.    EWD will keep all applications for any job openings, including Foremen and Supervisory positions, in a centralized location and in the applicant's personnel file if she/he is already an employee. EWD will provide EEOC with a copy of all notices of vacant and available Foreman and Supervisory positions concurrently with their posting.

28.    EWD will maintain complete and accurate records of all efforts to hire and promote qualified Black candidates as Foremen, as set forth in paragraph 28 including: the identity and race of all applicants; assigned Foremen; worksite location(s); dates worked; hours worked by day/week/year and; number of employees assigned to crew. Within sixty (60) days of

the date of the entry of this Decree and quarterly thereafter, EWD will provide such information to EEOC in electronic form as an Excel spreadsheet as part of EWD's reporting requirements pursuant to this Decree.

## G.    ANTI-DISCRIMINATION POLICIES AND PROCEDURES

29.    Within ten (10) days of the date of the entry of this Decree, EWD will adopt, implement and maintain new formal written policies, procedures and protocols prohibiting employment discrimination and harassment, including policies and procedures prohibiting discrimination on the basis of race, a discrimination complaint policy and procedure, an anti-graffiti policy and an equal opportunity promotion policy and procedure. The policies will stress EWD's commitment to being an equal opportunity employer and maintaining a diverse workforce. The written policies and procedures are attached as Exhibit C.

30.    The written policies and procedures will provide that individuals with complaints of discrimination may complain orally or in writing to the EEO Coordinator, EWD's President, EWD's Controller or their Supervisor. The procedures will require EWD to make a record of all discrimination complaints or charges and EWD's response to such complaints or charges. Written records of such charges or complaints will be maintained by EWD.

31.    Within sixty (60) days of the entry of this Decree and quarterly thereafter, EWD will provide EEOC with a copy of each complaint of discrimination, harassment or retaliation and for each complaint: the name of the complaining party or party who was allegedly subjected to discrimination or retaliation, job title, the complaining party's home address, the name and job title of the person(s) who allegedly engaged in such discriminatory or retaliatory conduct, the results of any investigation of the complaint or allegation, and any remedial action taken by EWD.

9

32.     The written policies and procedures will prohibit retaliation against employees or applicants who assert rights under Title VII or otherwise engage in protected activity, and will prohibit retaliation against anyone who complains of discrimination or files or has filed a charge, gives or has given testimony or given assistance concerning the investigation or litigation of any charge or claim of discrimination under Title VII, or opposes discriminatory conduct.

33.     The written policies and procedures will include a disciplinary policy that will provide for appropriate discipline of any manager, supervisor, foreman or other EWD employee who violates these policies by engaging in discrimination or retaliation.

34.     The written policies and procedures will specify the duties and responsibilities of the EEO Coordinator, and the obligation of EWD, its managers, supervisors, foremen, agents and employees to give their full cooperation to the EEO Coordinator in the performance of her or his duties under this Decree.

35.     Within thirty (30) days of the date of the entry of this Decree, EWD will distribute a copy of EEOC approved written policies and procedures to all of its current employees. EWD will also distribute a copy of the written policies and procedures to all new employees at the time such individual starts employment with EWD. EWD will redistribute the written policies and procedures to all employees annually.

36.     Within sixty (60) days of the entry of this Decree, EWD will provide EEOC with written verification that it has distributed a copy of the written policies and procedures to all of its current employees in accordance with the requirements of paragraph 35.

37.     EWD will provide EEOC with written verification that it has distributed a copy of the written policies and procedures to all new employees and that it has redistributed the written policies and procedures to all employees annually.

## H.     NOTICES AND POSTING

38.     Within ten (10) days of the date of the entry of this Decree, EWD will post a copy

of the Notice of Lawsuit and Settlement in its business offices, at each EWD worksite in an area

where employee workplace notices are typically posted and at the Roofer's Local 22 business

offices.  The Notice of Lawsuit and Settlement is attached at Exhibit D.

39.     Within ten (10) days of the date of the entry of this Decree, EWD will post a copy

of all mandatory EEO posters as required by federal law, at EWD offices and at all EWD

worksites where employee workplace notices are typically posted.

40.     Within thirty (30) days of the date of the entry of this Decree, EWD will file an

EEO-1 Report with EEOC for 2009 and then do so annually thereafter, as required by federal

law.

41.     Within thirty (30) days of the date of the entry of this Decree, EWD will provide a

memorandum to all employees emphasizing EWD's commitment to abide by all federal laws

prohibiting employment discrimination, including laws prohibiting discrimination and

harassment on the basis of race, its commitment to provide a diverse workforce and its

commitment not to retaliate against employees or applicants who assert rights under Title VII or

otherwise engage in protected activity under Title VII.  EWD will distribute a copy of the

memorandum to all new employees at the time such individuals become employees, and will

display and maintain a copy of this memorandum in its business offices, at each EWD worksite

in an area where employee workplace notices are typically posted and at the Roofer's Local 22

business offices. The Memorandum is attached at Exhibit E.

42.     Within thirty (30) days of the date of the entry of this Decree, EWD will send

written verification to EEOC that the Notice of Lawsuit and Settlement, EEO poster, policies and

procedures and memorandum by EWD have been posted and distributed as required by this

Decree, and that these items continue to be maintained and posted as required by this Decree.

## I.     TRAINING AND REMEDIAL COUNSELING

43.     Within thirty (30) days of the entry of this Decree, EWD will provide the

following training to the employees specified below:

a.     Two (2) hours of anti-discrimination training, including, but not limited to, training regarding race discrimination, retaliation, EWD's Anti-Discrimination and Retaliation Policy and Discrimination Complaint Procedure for all bargaining unit employees. This training will also include a diversity and/or cultural sensitivity/competency component that uses role play and hypothetical situations to encourage discussion and engagement, with emphasis on the following topics: the harms of racial stereotyping, forms of racial harassment, sensitivity to and acceptance of racial differences.

b.     Four (4) hours of anti-discrimination training, including, but not limited to, training regarding race discrimination, retaliation, EWD's Anti-Discrimination and Retaliation Policy and Discrimination Complaint Procedure, attached as Exhibit D, for all Managers, Supervisors and Foremen. This training will also include a diversity and/or cultural sensitivity/competency component that uses role play and hypothetical situations to encourage discussion and engagement. Additionally, this training shall emphasize the ways in which those with supervisory duties can foster an environment free of discrimination and harassment and the heightened responsibility of managers and supervisors, compared with non-managerial employees, to ensure a discrimination free workplace.

c.     An on-line or in-person anti-discrimination training for all newly hired, transferred, and/or promoted managers, supervisors and foremen. Such training shall take place within fifteen (15) days of the date of hire or promotion to the position of manager, supervisor or foremen.

d.     EWD will thereafter provide two (2) hours of anti-discrimination and retaliation training for all EWD employees including bargaining unit employees, foremen, supervisors and managers every other year. This training shall reiterate, explain and answer questions about federal anti-discrimination laws, as well as EWD's policy prohibiting employment discrimination and retaliation. Such training will also address sensitivity to employee complaints, appropriate handling of employee complaints, and appropriate investigation of employee complaints and appropriate resolution of employee complaints.

44.     The training sessions shall be conducted by Joanne R. Schneider.

45.     EWD will maintain attendance sheets for all training sessions including: name of attendees; dates of attendance; job title, identity of instructor; agenda for the training; and a signed acknowledgement of attendance for each employee who attended.

46.     Within ten (10) days of each training session, EWD will provide to EEOC a copy of the attendance records and signed acknowledgments of attendance from the training session along with a current list of all EWD employees.  For any employee who did not receive such training, EWD will provide EEOC with EWD's plan to reschedule the missed training.

**J.     MONITORING PROVISIONS**

47.     Within sixty (60) days of the date of the entry of this Decree, and quarterly thereafter, EWD will provide EEOC with a written report concerning the status of its obligations and responsibilities under this Decree including without limitation, the following (to the extent applicable during any such reporting period):

a.      Notice of assignment, succession, merger or acquisition affecting EWD pursuant to paragraph 13.

b.      Payments to Claimants pursuant to paragraph 17.

c.      Seniority lists pursuant to paragraph 21.

d.      Reports of hirings, layoffs, and recalls pursuant to paragraph 24.

e.      Notice of available Foreman and Supervisory positions pursuant to paragraph 27.

f.      Records of all efforts to hire and promote pursuant to paragraph 28.

g.      Records of all complaints of discrimination, harassment or retaliation pursuant to paragraph 31.

h.      Verifications and signed acknowledgements of the distribution of Anti-Discrimination Policies and Procedures to all newly hired and existing EWD employees pursuant to paragraphs 36 and 37.

13

> i.      Verification by EWD of Notices and Postings pursuant to paragraph 42.
>
> j.      Training sessions pursuant to paragraph 46.

48.     EEOC has the right to monitor and review compliance with this Decree. EWD will cooperate with EEOC in any review function it seeks related to this Decree. EEOC will conduct any compliance review in a manner that minimizes interference with EWD's operations. Specifically, EEOC shall have the right to: attend training sessions required by this Decree; review all documents, records and reports required by this Decree; conduct confidential employee interviews related to the requirements of this Decree; and conduct inspections of EWD's headquarters and job sites with reasonable notice.

49.     EWD will make available to EEOC employees that EEOC reasonably requests to interview regarding compliance with the terms of this Decree.

50.     All materials required by this Decree to be sent to EEOC will be addressed to Judith A. Biltekoff, Trial Attorney, Equal Employment Opportunity Commission, Buffalo Local Office, 6 Fountain Plaza, Suite 350, Buffalo, New York 14202.

**K.      DURATION OF DECREE AND RETENTION OF JURISDICTION**

51.     This Decree will remain in effect for five (5) years from the date of entry of this Decree.

52.     This Decree will not expire while any enforcement action concerning this Decree is pending.

53.     The Court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

54.     Within thirty (30) days after the date set for the expiration of the Decree, the

parties will submit a stipulation of dismissal to the Court or a notice that the Decree has not

expired because an enforcement action is pending.

ENTERED this __λ__ day of __ＳＥＰＴ__, 2010.


Charles Siraguisa

Hon. Charles J. Siraguisa
UNITED STATES DISTRICT JUDGE


APPROVED AND CONSENTED TO BY THE PARTIES:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


Elizabeth Grossman                          ___8/5/10___
Elizabeth Grossman                          (Dated)
Regional Attorney
U.S. Equal Opportunity Employment Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone: (212) 336-3696
Email: elizabeth.grossman@eeoc.gov

Nora E. Curtin
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
Telephone: (212) 336-3712
Email: nora.curtin@eeoc.gov

Judith A. Biltekoff
Trial Attorney
U.S. Equal Employment Opportunity Commission
Buffalo Office
6 Fountain Plaza, Suite 350
Buffalo, New York 14202
Telephone: (716) 551-3356
Email: judith.biltekoff@eeoc.gov

ELMER W. DAVIS, INC.

_____
Jeffery A. Davis
President
Elmer W. Davis, Inc.
1217 Clifford Avenue
Rochester, New York 14621

_____
(Dated)

HISCOCK & BARCLAY, LLP

_____
Robert P. Heary
1100 M&T Center
3 Fountain Plaza
Buffalo, New York 14203
Telephone:  (716) 566-1300
Facsimile:  (716) 566-1301
Email:  rheary@hblaw.com

_____
(Dated)

Scott P. Rogoff
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 325-7570
Facsimile: (585) 295-4418
Email: srogoff@hblaw.com

*Attorneys for Defendant*
*Elmer W. Davis, Inc.*

# EXHIBIT
# A

**ATTACHMENT A**
**TO CONSENT**
**DECREE**

1. Adonis Jones
2. Alan Moore
3. Albert Hayes
4. Alejandro Roque
5. Bobby Albritton
6. Calvin Jackson
7. Charles D. Wilson
8. Chris Rush
9. Dave Turner
10. Derek James
11. Derrick Green
12. Dilanjan Jackson
13. Eddie Ivey
14. Edmond Huntley
15. Fred Evans
16. George Taylor
17. Gerald McFadden
18. James Ghent
19. Jason Hannah
20. John Hoffman
21. John McFadden
22. Joseph Boykins
23. Joseph Goins
24. Kedrick Harry
25. Leroy Nesmith
26. Memzel D. Stewart
27. Moses Hayes
28. Ondre Florence
29. Philip Byford
30. Phillip L. Barnes
31. Powell Cooper
32. Reggie Reed
33. Ricky Young
34. Rose McKenna
35. Samual Crenshaw
36. Shawn Johnson
37. Shawn Williams
38. Sonly Carter
39. Stacey Britton
40. Terrell Auston
41. Thurmon Williams
42. Toroyl Cooper

1

43. UrhandusDrumgoole
44. Wesley Elmore
45. Keith Threats
46. Christopher Bailey
47. Mike Beard
48. J.W. Williams
49. Danny Garlington
50. Timothy Lampley
51. Andre Johnson
52. James Lanier
53. James Dent
54. Cooper Kpor
55. Moses Mendenhall
56. Aaron Mincey
57. Owen Baker
58. Mike Adams
59. Ted Edmonds
60. Lester Henton
61. Robin Buckman
62. LaRosa Carson
63. Ghani Pittman
64. Enoch Cray, Jr.
65. James Mitchell,
66. Otis Ivory
67. Sherrod McGowan

# EXHIBIT
# B

## EXHIBIT B

## <u>RELEASE</u>

In consideration for $_____$ paid to me by Elmer W. Davis, Inc. in connection with

the resolution of <u>EEOC v. Elmer W. Davis, Inc.</u>, Civil Action No. 07-CV-6434 (CJS), filed in

the United States District Court for the Western District of New York, I waive and release my

right to recover for any claims of race discrimination and/or retaliation under Title VII of the

Civil Rights Act of 1964 arising out of my employment with Elmer W. Davis, Inc. that I had

against Elmer W. Davis, Inc. prior to the date of this Release and that were included in the

claims alleged in EEOC's Complaint and Amended Complaint in <u>EEOC v. Elmer W. Davis</u>,

Civil Action No. 07-CV-6434 (CJS), as deemed further amended to assert claims of retaliation

under Title VII in accordance with paragraph 6 of the Consent Decree entered in <u>EEOC v. Elmer</u>

<u>W. Davis, Inc.</u>, and EEOC Charge Numbers 165-2005-01066 (Crenshaw); 525-2009-00568 and

525-2009-00683 (Jackson); 525-2009-00697 (Williams); and 16G-2009-02449 (Carson).

IN WITNESS WHEREOF, the Releasor has caused this Release to be executed this

\_\_\_\_\_ day of _____, 2010.

_____

Claimant Signature

_____

Printed Name of Claimant

Sworn to before me this
\_\_\_ day of _____, 2010.

_____

Notary Public

# EXHIBIT C

## NON-DISCRIMINATION, ANTI-HARASSMENT, AND ANTI-RETALIATION POLICY

Elmer W. Davis, Inc. is committed to providing a workplace free from all forms of discrimination and harassment based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

Discrimination and harassment of any sort – verbal, physical, or visual – that has the purpose or effect of interfering with an individual's work performance or that creates an intimidating, hostile, or offensive work environment will not be tolerated. All employees have the right to be free from unlawful discrimination.

"Prohibited Discrimination" can take the form of any negative treatment of an employee, by either an EWD employee or official, or a third party engaged in company-sponsored activities which: (a) negatively impacts an employee's opportunities and/or employment benefits; *and* (b) is based upon the employee's race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status. Prohibited Discrimination can also take the form of harassment even where there is no tangible impact upon the employee's employment opportunities and/or employment benefits. Prohibited Discrimination includes discrimination in employment opportunities and employment benefits such as discrimination in hiring, firing, layoffs and recalls, promotions, benefits, discipline, and other terms and conditions of employment. The phrase "Prohibited Discrimination" as used in this policy includes all forms of "Prohibited Harassment" (defined below).

"Prohibited Harassment" can constitute a form of Prohibited Discrimination under this policy if it is unwelcome and has the purpose or effect of unreasonably interfering with an individual's work performance, or creating an intimidating, hostile or offensive working environment. Such harassment of employees is prohibited by this policy if it is based upon race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status. In that regard, individuals subject to this policy should be mindful that conduct or behavior that is acceptable, amusing or inoffensive to some individuals may be viewed as unwelcome, abusive, or offensive to others.

Examples of conduct which may constitute Prohibited Harassment under this policy include the following:

i.     Using slurs or derogatory terms, including name-calling based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

ii.     Telling derogatory jokes or stories based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status,

sexual orientation, predisposing genetic characteristic, or any other legally protected status.

iii.     Stereotyping individuals based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

iv.     Displaying graffiti or other derogatory or insulting writings, photographs, or other visuals based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

v.      Making degrading comments about a person and/or demeaning them based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

vi.     Sabotaging, damaging, or interfering with an individual's work because of that individual's race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

vii.    Threatening, intimidating, or physically harming an individual because of his or her race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status.

This list is not intended to be all-inclusive. Furthermore, while a single incident of this type of conduct may not create a hostile working environment, if such behavior is severe, persistent or pervasive, or if submission to such conduct is made either explicitly or implicitly a term or condition of employment or receipt of employment benefits, such conduct constitutes Prohibited Discrimination and/or Prohibited Harassment.

All employees should understand that submission to, or acceptance of, any form of Prohibited Discrimination or Prohibited Harassment is not a term or condition of employment. No employee is required to submit to, or accept, any form of Prohibited Discrimination or Prohibited Harassment in order to maintain their position, promotional opportunities, benefits, or to meet any other condition of employment.

"Prohibited Retaliation" means that EWD will not retaliate against an employee who has opposed any practice that would violate Title VII of the Civil Rights Act of 1964, as amended, or the New York State Human Rights Law; or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VI of the Civil Rights Act of 1964, as amended, or the New York State Human Rights Law.

Prohibited Retaliation in any form will not be tolerated and any employee who engages in Prohibited Retaliation will be subject to disciplinary action, up to and including termination from employment.

## EEO COORDINATOR

In connection with Elmer W. Davis, Inc.'s commitment to providing a workplace free from all forms of discrimination and harassment based on race, color, creed, religion, sex, national origin, age, disability, marital status, citizenship, veteran's status, sexual orientation, predisposing genetic characteristic, or any other legally protected status, EWD has appointed Joanne R. Schneider to serve as the company's Equal Employment Opportunity Coordinator ("EEO Coordinator"). Ms. Schneider can be reached by telephone at (585) 641-2528 and by email at jschneider@providium.com.

In her role as EEO Coordinator, Ms. Schneider is responsible for:

a. monitoring and compliance with federal laws prohibiting employment discrimination under Title VII, including race discrimination; and compliance with federal reporting requirements, including but not limited to, annual EEO-1 Reports;

b. receiving and investigating reports or complaints of suspected discrimination, harassment, failure to promote, disparate treatment in terms of employment and retaliation, and for assuring that the investigations are done in a manner that complies with federal anti-discrimination laws;

c. identifying and recommending appropriate remedial relief to EWD employees who are found to have been subjected to discrimination, harassment, or retaliation;

d. identifying and recommending appropriate discipline on employees, supervisors and foremen who are found to have engaged in discrimination, harassment or retaliation; and

e. maintaining records of discrimination complaints and EWD's response to such complaints.

While the EEO Coordinator is responsible for carrying out the duties set out above, EWD is responsible for implementing remedial relief and/or issuing discipline, as applicable, to employees who are found to have been subjected to or engaged in discrimination, harassment or retaliation.

## COMPLAINT PROCEDURE

Elmer W. Davis, Inc. strongly urges reporting of all incidents of discrimination, harassment or retaliation. Failure to report such instances may make it difficult for the Company to take corrective action. If you have witnessed or believe you have experienced discrimination, harassment, or retaliation, you should inform:

a.    The Company's EEO Coordinator, Joanne Schneider, who can be reached at (585) 641-2528 and at jschneider@providium.com;

b.    EWD's President, Jeffery Davis, who can be reached at (585) 546-2846;

c.    EWD's Controller, Donald Plant, who can be reached at (585) 546-2846;

or

d.    Your Supervisor, who can be reached at (585) 546-2846.

The existence of this complaint procedure does not prevent you in the first instance from promptly advising an alleged offender that his or her behavior is unwelcome and requesting that it be discontinued.

## COMPLAINT INVESTIGATION

Any reported allegations of harassment, discrimination, or retaliation will be investigated promptly, thoroughly and impartially by the EEO Coordinator. The investigation may include individual interviews with the parties involved and, where necessary, with individuals who may have observed the alleged conduct or may have other relevant information.

Elmer W. Davis, Inc., its managers, supervisors, foremen, agents and employees must give their full cooperation to the EEO Coordinator in the performance of his or her duties, including the investigation of complaints of harassment, discrimination or retaliation.

Confidentiality will be maintained throughout the investigatory process to the extent feasible.

## RESPONSIVE ACTION

Incidents of Prohibited Harassment, Prohibited Discrimination or Prohibited Retaliation will be dealt with promptly and appropriately. Disciplinary action for employees who have violated this policy may include, but is not limited to, training, referral to counseling, monitoring of the offender, warning, reprimand, withholding of a promotion or pay increase, reduction of wages, demotion, reassignment, temporary suspension without pay, or termination, even for a first offense, as appropriate, based on the facts of the case.

- 4 -

Retaliation against an employee who makes a complaint of discrimination or harassment will not be tolerated and will itself be subject to disciplinary action, up to and including termination.

If you have questions or concerns about this policy, you should speak with the Company's EEO Coordinator.

# EXHIBIT
# D

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
Intake Information Group·  (800) 669-4000
Intake Information Group TTY   (800) 669-6820
Buffalo Status Line.  (866) 408-8075
Buffalo Direct Dial   (716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

## NOTICE TO EMPLOYEES

This notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought on September 4, 2007 by the U.S. Equal Employment Opportunity Commission ("EEOC") against Elmer W. Davis, Inc. ("EWD"), Civil Action No. 07-CV-06434-CJS. In the lawsuit, EEOC alleged that EWD engaged in unlawful employment practices on the basis of race, specifically, that EWD subjected the identified Claimants in this lawsuit to a pattern or practice of race discrimination and retaliation including: harassment, hostile work environment, unfair work assignments, failure to promote and other disparate terms and conditions of employment, all in violation of the federal law known as Title VII.

Federal law prohibits employers from discriminating against employees based on religion, national origin, race, color, sex, age or disability. EWD will comply with all laws prohibiting discrimination in the workplace, and will prohibit any officer, manager, supervisor, foreman, employee or agent from discriminating against any individual on any prohibited basis under federal employment discrimination law. EWD will not retaliate against any individual who asserts his or her rights under these laws.

EWD has implemented an Anti-Discrimination and Retaliation Policy and Complaint Procedure ("Policies and Procedures") which contain information about race discrimination and harassment, including provisions for: effective procedures for reporting incidents of discrimination; as well as provisions for the discipline of managers, supervisors, foremen or employees for violating the anti-discrimination policy, up to and including discharge. EWD will provide all employees with a copy of its Policies and Procedures. EWD will also conduct training for management and all bargaining unit employees regarding their rights and responsibilities under these Policies and Procedures.

If you have a complaint of discrimination or harassment, you may report it in accordance with EWD's Anti-Discrimination Policies or Procedures or to the following:

Equal Employment Opportunity Commission
Buffalo Area Office
600 Fountain Plaza-Suite 350
Buffalo, New York 14202
(716) 551- 4442
(800) 669-4000
Website: www.eeoc.gov

### THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE
### REMOVED OR CHANGED BY ANYONE
### THIS NOTICE MUST REMAIN POSTED UNTIL September   , 2015.

Signed: _____
NAME: Jeffrey A. Davis, President, Elmer W. Davis, Inc.

# EXHIBIT
# E

**EXHIBIT E**

[ELMER W. DAVIS, INC. LETTERHEAD]

TO:         All Employees

FROM:    Jeffrey A. Davis

RE:         Equal Employment Opportunity/Non-Harassment

It is the policy of Elmer W. Davis, Inc. ("EWD") to provide equal employment opportunities to all employees without regard to race, color, sex, age, marital status, sexual orientation, disability, religion, citizenship, national origin, veteran status or any other legally-protected status.  EWD is committed to maintaining a diverse workforce, which is free from discrimination, harassment, or retaliation in accordance with applicable anti-discrimination laws, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans With Disabilities Act.

All EWD employees are responsible for complying with EWD's equal employment opportunity and non-harassment policies, copies of which are attached.   Complaints of discrimination or harassment should immediately be brought to the attention of Joanne Schneider, the company's designated EEO Officer, who can be reached at (585) 641-2528 or at jschneider@providium.com.

_____

Jeffrey A. Davis
President